UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN LUGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　Defendants. | Case No. 5:20-cv-02457-MCS-SHK<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS** |

For the following reasons, the case is **DISMISSED** without prejudice.

## I.　BACKGROUND

On November 2, 2020, Plaintiff Joaquin Lugo ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 alleging various violations of his constitutional rights ("Complaint"). Electronic Case Filing Number ("ECF No.") 1, Compl. Upon screening the Complaint, under 28 U.S.C. § 1915, on February 8, 2021, the Court issued an Order Dismissing Most Of The Claims In The Complaint With Leave To Amend ("ODLA"). ECF No. 13, ODLA at 27. In the ODLA, the Court notified Plaintiff that Plaintiff had 21 days from the date the ODLA was issued to file a First Amended Complaint ("FAC"), which set the deadline on March 1, 2021. Id. Plaintiff was warned that if Plaintiff

1 failed to timely file a FAC, "**this action [would] be dismissed with or without**
2 **prejudice for failure to state a claim, failure to prosecute, and/or failure to**
3 **obey Court orders under Federal Rule of Civil Procedure 41(b).**" Id.
4 (emphasis in original).

5     On March 2, 2021, the Court received Plaintiff's Objections to Non-
6 Dispositive Order of Magistrate Judge ("Objections" of "Objs."), which appeared
7 to be an objection to the ODLA. ECF No. 15, Objs. After reviewing Plaintiff's
8 Objections, however, the Court concluded that its ODLA was appropriate though it
9 was unclear how Plaintiff wanted to proceed. Therefore, the Court issued a minute
10 order ("Order") requiring Plaintiff, by June 7, 2021, to either: "(1) file a[] FAC that
11 includes all claims that Plaintiff would like to pursue, even if Plaintiff previously
12 stated them in the original Complaint, including claims which the Court did not
13 find deficient; or (2) clearly indicate to the Court, in writing, that Plaintiff intends
14 to proceed with the entire current Complaint, as is." ECF No. 18, Order at 2
15 (emphasis in original). Plaintiff was warned that:

16       **if Plaintiff does not timely file an FAC or clearly notify the Court**
17       **on whether Plaintiff chooses to proceed on his originally filed**
18       **Complaint, the Court will recommend that this action be dismissed**
19       **with or without prejudice for failure to state a claim, failure to**
20       **prosecute, and/or failure to obey Court orders under Federal Rule**
21       **of Civil Procedure 41(b).**

22 Id. (emphasis in original).
23     Plaintiff failed to timely respond to the Court's ODLA or Order.
24 Consequently, on September 10, 2021 Plaintiff was ordered to show cause
25 ("OSC") by September 23, 2021, why this case should not be dismissed for failure
26 to prosecute or follow Court orders. ECF No. 19, OSC. Plaintiff was instructed
27 that Plaintiff could comply with the OSC by either: (1) filing a FAC that includes
28 all claims that Plaintiff would like to pursue, even if Plaintiff previously stated

them in the original Complaint, including claims which the Court did not find deficient; or (2) clearly indicate to the Court, in writing, that Plaintiff intends to proceed with the entire current Complaint, as is. Id. at 2. Plaintiff was also **warned again, and for the final time, that if Plaintiff does not timely file an FAC or clearly notify the Court on whether Plaintiff chooses to proceed on his originally filed Complaint, the Court will recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b).** Id. (emphasis in original).

On September 28, 2021, the Court's OSC was returned ("OSC Return") as undeliverable because Plaintiff was paroled. ECF No. 20, OSC Returned. Plaintiff has not updated the Court with his new address, responded to the OSC, or filed any other correspondence with the Court since Objections to the ODLA on March 2, 2021.

## II.   LEGAL STANDARD

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

Further, L.R. 41-6 requires a pro se litigant to keep the Court and opposing parties apprised of the party's current address, telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of

the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of the plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution. L.R. 41-6.

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

### III. DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite repeated warnings that the case will be dismissed for failure to prosecute, Plaintiff has failed to respond to multiple Court orders, failed to keep the Court apprised of Plaintiff's address, and has failed to file a FAC. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

/ / /

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Plaintiff has not offered any excuse for his failure to comply with the Court's orders and with local rules and respond in a timely manner, and this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) repeatedly warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite the Court's repeated attempts to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action. The Court is also unable to communicate with Plaintiff because Plaintiff has not provided the Court with Plaintiff's current address. Thus, the Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation

omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

    Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has repeatedly ignored this Court's orders and failed to follow local rules, the Court DISMISSES this case, without prejudice.

## IV.  CONCLUSION

    For the reasons discussed above, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated: October 12, 2021

_____
HONORABLE MARK C. SCARSI
United States District Judge

Presented by:

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge